■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CHEN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 10, 1983, convicting defendant upon his plea of guilty

of the crime of criminal possession of marihuana in the first degree.

Defendant, a legal permanent resident alien, was arrested on the Thruway at about 6:45 A.M. on April 22, 1983 after he fell asleep at the wheel and his car overturned. He was charged with criminal possession of marihuana in the first degree as the result of more than 10 pounds of the substance (actually 25 pounds) being found in the trunk of his automobile. Not mentioned in the indictment was a loaded .38 caliber handgun, ammunition and packaging materials also found in the car. It further appears that defendant was on probation from a 1980 felony conviction for attempted possession of a weapon. Pursuant to a negotiated bargain, defendant pleaded guilty to the charge for which he was indicted and received a prison sentence of 5 to 10 years.

On this appeal, the sole issue is whether the sentence was harsh and excessive. Defendant urges reduction to 3 to 6 years so that he may be promptly deported by the Immigration and Naturalization Service to his native Jamaica (see, Executive Law § 259-i [2] [d], as added by L 1985, ch 372, eff July 19, 1985). In this manner, he contends that the State can save the high cost of his incarceration while at the same time protect society by his deportation. The People contend that the deterrence factor will be lost and that criminals will be encouraged to use aliens as transporters of drugs since they would be deported rather than placed in prison. We agree and find no reason to disturb the judgment.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.